UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BETTY WOLFE,  )
  )
    Plaintiffs,  )
  )
vs.  ) Case No. 4:11CV01610 ERW
  )
GALLAGHER BASSETT SERVICES  )
INC. and KELLY BECKER,  )
    Defendants.  )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Gallagher Bassett Services Inc.'s Motion to Compel [ECF No. 15]. The Court heard arguments from the parties on the Motion at a hearing on April 18, 2012.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Betty Wolfe began working as a claim adjuster for Defendant in 2003. Beginning in 2009, Plaintiff had a series of health problems that necessitated medical leave allowable under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et. seq*. On July 12, 2010, Defendant terminated Plaintiff's employment. Plaintiff filed suit alleging retaliatory discharge for exercising her rights under the FMLA. Discovery began in late 2011. The parties have attempted to resolve their conflicts over various discovery requests. Having reached an impasse, Defendant filed the pending Motion to Compel.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery for actions filed in federal court:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense – including the existence, description, nature, custody,

condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 26(b)(2)(C), however, requires the court to curtail the discovery of admittedly relevant evidence if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the important of the discovery in resolving the issues.

*See also Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) ("Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.") (internal alteration and citation omitted).

## III. DISCUSSION

Defendant asserts that Plaintiff has made an insufficient Rule 26 disclosure by not identifying the amount of damages sought for each category of damages alleged. Defendant also asserts that Plaintiff's response and supplemental response to its First Request for Production are insufficient because the information is highly relevant to her damages claim. Moreover, Defendant contends Plaintiff has waived privilege by putting her medical history and employment information at issue. Defendant requests that the Court order Plaintiff to fully respond to these requests. Defendant also requests attorneys' fees and costs associated with filing this Motion.

Plaintiff responds that the time periods for which Defendant seeks discovery of these documents is overbroad and, therefore, Defendant seeks information that is irrelevant and undiscoverable. Plaintiff asserts that she has made concessions to Defendants' requests and acknowledges her continuing duty to supplement discovery responses as additional information becomes available.

### A. *Rule 26 Disclosures*

Plaintiff admittedly has not identified the amount of damages sought or identified the documents upon which her damages are based. Defendant is entitled to specific information related to Plaintiff's damages and efforts to mitigate. See Rule 26(a)(1)(C). Within 30 days of this Order, Plaintiff shall provide Defendant with a damages calculation. Plaintiff also shall supplement this calculation if new evidence changes her estimate.

### B. *Request No. 26*

Defendant requests the Court to order Plaintiff to authorize the release of her federal and state income tax returns (including all W 2s, 1099s, and other forms attached thereto) for the years 2008 to the present. Plaintiff has already agreed to produce tax returns from 2010 and 2011, and 2011 W-2s or 1099s

Defendant states that the 2008 and 2009 tax returns are relevant to potential damages. Courts routinely compel production of tax returns a few years prior to the retaliatory discharge. *Equal Emp't Opportunity Comm'n v. Chemsico, Inc.*, 203 F.R.D. 432, 434 (E.D. Mo. 2001). Therefore, Plaintiff is ordered to execute an IRS release for all federal and state income tax returns for the tax years 2008 and 2009.

### C. *Request No. 36*

Defendant requests the Court order Plaintiff to execute Employment Records Release Authorization. Plaintiff agrees to release payroll and benefits information from subsequent employers, but no information about applications for employment, personnel files, attendance, discipline, and performance records. Defendant asserts that all of this information is highly relevant to its potential defenses, specifically its after-acquired evidence defense.

Plaintiff's full employment records are likely to lead to the discovery of admissible evidence regarding Plaintiff's credibility and Defendant's defenses. *See Lyoch v. Anheuser-Busch Cos., Inc.*, 164 F.R.D. 62, 68 (E.D. Mo.1995) (personnel files may lead to admissible evidence regarding plaintiff's credibility). Therefore, Plaintiff is ordered to execute an unredacted version of the Employment Records Release Authorization.

### D. *Request No. 37*

Defendant requests that the Court order Plaintiff to execute a Patient Authorization for Release of Medical Information. Plaintiff has authorized release of all medical records before and including 2010. She has refused to authorize a release of her medical records after 2010 because she asserts that these current medical records are irrelevant and protected by physician-patient privilege. Defendant states that the records (2008 to present) are relevant to her emotional distress claim, her claim that her serious medical condition has not precluded her from working since 2010, and she has waived privilege. Defendant states the information is relevant to Plaintiff's mitigation efforts.

In light of Plaintiff's recently filed Motion to Amend Plaintiff's First Amended Complaint [ECF No. 21], which requests leave to file an amended complaint that strikes all claims for damages based on emotional distress, the parties agree that the 2010 to present medical records are no longer relevant to the case. This Court finds this request is mooted by the Motion to Amend.

## IV. CONCLUSION

The information sought by Defendants is reasonably calculated to lead to the discovery of admissible evidence. The information is not privileged and the production of said information will not be unduly burdensome to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel [ECF No. 15] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall produce the documents as described above no later than **May 21, 2012**.

**IT IS FURTHER ORDERED** that Defendant's request for attorneys' fees and costs associated with filing this Motion is **DENIED**.

So Ordered this 19th day of April, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE